IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | | |
|---|---|---|
| INTEGRITY INTERNATIONAL, INC., d/b/a TARRENPOINT | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:17-CV-0794 (DNH/ATB) |
| HP, INC., and HEWLETT PACKARD ENTERPRISE COMPANY, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2), 12(B)(3), AND 28 U.S.C. § 1406(A) MOTION TO TRANSFER OR DISMISS DUE TO IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... iii

INTRODUCTION ..........................................................................................................................1

BACKGROUND .............................................................................................................................2

LEGAL STANDARD .....................................................................................................................3

ARGUMENT ..................................................................................................................................5

I.      THE FORUM SELECTION CLAUSE REQUIRING THAT CERTAIN CLAIMS
        BE BROUGHT IN THE "ORDINARY COURTS OF NEW YORK" IS A TERM
        OF SOVEREIGNTY THAT UNAMBIGUOUSLY REFERS TO THE COURTS
        OF NEW YORK STATE. ...................................................................................................5

II.     THIS COURT SHOULD GRANT DEFENDANTS' RULE 12(B)(3) AND
        § 1406(A) MOTIONS BECAUSE PLAINTIFF HAS NOT ESTABLISHED
        THAT VENUE IS PROPER. .............................................................................................10

III.    THIS COURT SHOULD TRANSFER THE CASE TO THE U.S. DISTRICT
        COURT FOR THE SOUTHERN DISTRICT OF TEXAS PURSUANT TO 28
        U.S.C. § 1406(A) BECAUSE THE CASE COULD HAVE BEEN BROUGHT IN
        THAT COURT. ..................................................................................................................14

IV.     ALTERNATIVELY, THIS COURT SHOULD DISMISS THE CASE FOR
        IMPROPER VENUE AND/OR LACK OF PERSONAL JURISDICTION OVER
        DEFENDANTS. .................................................................................................................17

PRAYER ........................................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*,
   428 F.3d 921 (10th Cir. 2005) ..................................................................... 7, 8, 9

*Armco Steel Corp. v. Renago Constr., Inc.*,
   324 A.D.2d 887, (4th Dept. 1970) (mem. op.) ........................................ 17

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*,
   134 S. Ct. 568 (2013) .................................................................... 4, 10, 16

*Brown v. Lockheed*,
   814 F.3d 619 (2d. Cir 2016) ................................................................ 12

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ..................................................................... 13, 15

*City of New York v. Pullman Inc.*,
   477 F.Supp. 438 (S.D.N.Y. 1979) ......................................................... 9

*Corke v. Sameiet M.S. Song of Norway*,
   572 F.2d 77 (2d Cir.1978) ................................................................ 5, 17

*CSR Ltd. v. Link*,
   925 S.W.2d 591 (Tex. 1996) .............................................................. 16

*D.H. Blair & Co. v. Gottdiener*,
   462 F.3d 95 (2d Cir. 2006) .................................................................. 5

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) .................................................................... 11, 12

*Dart Mechanical Corp. v. Johnson Controls, Inc.*,
   No.-13-CV-2941JS WDW, 2013 WL 5937424 (E.D.N.Y. Nov. 4, 2013) ............. 6

*Dixon v. TSE Int'l Inc.*,
   330 F.3d 396 (5th Cir. 2003) (per curiam) ....................................... 8, 9

*Doe 1 v. AOL LLC*,
   552 F.3d 1077 (9th Cir. 2009) (per curiam) ......................................... 7

*Dudla v. Jordan*,
   No. 1:14-CV-0889 LEK/RFT, 2015 WL 403079 (N.D.N.Y. Jan. 29, 2015) ............. 14, 15, 16

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*,
   928 F. Supp. 2d 735 (S.D.N.Y. 2013) ................................................................5

*FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*,
   626 F.3d 752 (4th Cir. 2010) ................................................................8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ................................................................11

*Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*,
   815 S.W.2d 223, 226 (Tex. 1991) ................................................................16

*Gulf Ins. Co. v. Glasbrenner*,
   417 F.3d 353 (2d Cir. 2005) ................................................................4

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ................................................................12

*Illinois Union Ins. Co. v. NRG Energy, Inc.*,
   No.-10-CV-743 (BSJ)(DCF), 2010 WL 5187749 (S.D.N.Y. Dec. 6, 2010) ....................7, 16

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................11

*Karl Koch Erecting Co., v. New York Convention Ctr. Dev. Corp.*,
   838 F.2d 656 (2d. Cir. 1999) ................................................................6

*LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*,
   739 F.2d 4 (1st Cir. 1984) ................................................................8

*Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996) ................................................................4

*Minholz v. Lockheed Martin Corp.*,
   227 F. Supp. 3d 249, 260 (N.D.N.Y. 2016) ................................................4, 5

*New Jersey v. Merrill Lynch & Co., Inc.*,
   640 F.3d 545 (3d Cir. 2011) ................................................................7

*Niagra Mohawk Power Corp. v. Windstream Communications, LLC*,
   172 F.Supp. 3d 594 (N.D.N.Y. 2016) (Hurd, J.) ................................................................6

*Phoenix Global Ventures, Inc. v. Phoenix Hotel Assocs., Ltc.*,
   No. 04-CV-4991, 2004 WL 2360033 (S.D.N.Y. Oct. 19, 2004) (aff'd, 422
   F.2d 72 (2d. Cir. 2005)) ................................................................6

*Pirolo Brothers, Inc. v. Angelo Maffei and Figli, SAS*,
   No. 87 CIV 7561 (MBM), 1989 WL 20945 (S.D.N.Y. Mar. 2, 1989) ................................17

*In re Rationis Enterprises, Inc. of Panama*,
  97 CV 9052 (RO), 1999 WL 6364 (S.D.N.Y. Jan. 7, 1999) ..................................17

*Sahara Sam's Oasis, LLC v. Adams Companies, Inc.*,
  CIV.A. 10-0881, 2010 WL 3199886 (D.N.J. Aug. 12, 2010) ................................8

*Sonera Holding B.V. v. Cukurova Holding*
  *A.S.*, 750 F.3d 221 (2d Cir. 2014) (per curiam) .........................................11, 12, 13

**Statutes**

28 U.S.C. § 1391 ...................................................................................*passim*

28 U.S.C. § 1406(a) ..............................................................................*passim*

1A Fed. Proc., L. Ed. § 1:718 ................................................................14

CPLR § 302(a)(1) ..................................................................................13

CPLR § 302(a)(2) ..................................................................................14

CPLR § 302(a)(3) ..................................................................................14

Fed. R. Civ. P. 12(b)(2) .................................................................4, 5, 17

Fed. R. Civ. P. 12(b)(3) ....................................................3, 5, 10, 14, 17

**Other Authorities**

Black's Law Dictionary (10th ed. 2014) ....................................................9

Black's Law Dictionary 1232 (4th ed. 1968) ............................................9

Defendants HP, Inc. and Hewlett Packard Enterprise Company (Defendants) respectfully submit this memorandum of law in support of their Rule 12(b)(2), Rule 12(b)(3), and 28 U.S.C. § 1406(a) motion to transfer to the Southern District of Texas, Houston Division, or, alternatively, dismiss for improper venue and lack of personal jurisdiction.

## INTRODUCTION

Venue is improper here because this Court does not have personal jurisdiction over Defendants. Neither Defendant is incorporated in New York, and neither maintains its principal place of business in New York. What's more, Plaintiff has not pleaded that any of the events giving rise to this case occurred in New York, or caused injury in New York. Instead, Plaintiff's sole pleaded basis for filing here appears to be the contractual forum-selection clause, which provides that "[a]ny dispute that may arise in connection with the interpretation or implementation of this Agreement shall be submitted to the *ordinary courts of New York*." Ex. C, (Master Standard Services Agreement), ¶ 19.5, (emphasis added). This clause does not help Plaintiff. Indeed, *this very Court* has held that a similar clause meant only the state courts of New York, and not this Federal District Court. Further, other circuit courts that have considered the issue have held that the phrase "courts of [state]" is a term of *sovereignty* referring only to state courts, not a term of *geography* encompassing the federal courts within the state. Consequently, Defendants have not consented to personal jurisdiction or venue in this federal court.

Because venue is improper, this Court should transfer the case in the interest of justice to the United States District Court for the Southern District of Texas, Houston Division, which is Plaintiff's home district and the district in which relevant case events occurred. Venue is proper there, and that Court possesses specific personal jurisdiction over both Defendants for purposes of this dispute. Alternatively, this Court should dismiss and hold that Plaintiff has waived reliance on the forum-selection clause as to the claims at hand.

# BACKGROUND

Plaintiff Integrity International, Inc., d/b/a/ Tarrenpoint, is a Texas corporation with its principal place of business in Houston Texas. Ex. A (Plaintiff's Original Complaint), ¶ 1. Plaintiff has sued Defendants on a variety of theories pertaining to the contractual relationship between the parties, which allegedly began with Defendants' predecessor, Compaq Computer Corporation. Compaq Computer Corporation was a publicly traded company incorporated in Delaware with its principal place of business in Houston, Texas. Ex. B (Declaration of Christopher Humes ), ¶ 5. Compaq's corporate officers directed the corporation's activities from its Houston, Texas headquarters. *Id.* Compaq also maintained a large campus in Houston. *Id.*

In 2002, Compaq merged into Hewlett-Packard Company. *Id.* ¶ 6. Hewlett Packard Company was a publicly traded company incorporated in Delaware with its principal place of business in Palo Alto, California. *Id.* Hewlett-Packard Company's corporate officers directed the corporation's activities from its Palo Alto, California headquarters. *Id.* Neither Compaq nor Hewlett-Packard Company has ever been incorporated or headquartered in New York. *Id.* After the merger, the Compaq campus remained in Houston, and Plaintiff provided services to Hewlett-Packard at that location. *Id.* While not entirely clear from its complaint, all of Plaintiff's claims appear to arise from 2010 at the earliest, well after the merger was complete. Ex. A, ¶ 2.

In 2015, Hewlett-Packard Company split into two entities: HP Inc. and Hewlett Packard Enterprise. Ex. B, ¶ 7. HP Inc. and Hewlett Packard Enterprise are publicly traded companies incorporated in Delaware with their principal places of business located in Palo Alto, California. *Id.* The corporate officers for both HP Inc. and Hewlett Packard Enterprise direct the activities of the corporations from their respective Palo Alto, California headquarters. *Id.*

Contract negotiations between Plaintiff and Defendants occurred in either California, Oregon, or Texas. *Id.*, ¶ 10. Plaintiffs have not pleaded that any acts giving rise to this suit

occurred in New York. Furthermore, Plaintiff provided the majority of its services to Defendants in Houston, Texas, where Plaintiff is incorporated and maintains its principal place of business. Ex. A, ¶ 1. Plaintiff also provided some services to Defendants in Idaho, Colorado, Oregon, and California. Ex. B, ¶ 8. However, Defendants have not found any evidence that Plaintiff ever provided services to Defendants in New York. *Id.* What's more, Plaintiff *has not alleged* that it provided any services to Defendants in New York. *See generally,* Ex. A. Hence, there is nothing to suggest that the alleged acts or omissions giving rise to the claims at issue occurred in New York.

In 2014, the parties entered into the Master Standard Services Agreement, which superseded the past Master Standard Services Agreement between the parties. That agreement contains the following provision:

> 19.5 Governing Laws. Unless otherwise agreed in Exhibit C, this Agreement shall be governed by and construed in accordance with the laws of New York, USA without regard to its conflict of law principles. Any dispute that may arise in connection with the interpretation or implementation of this Agreement shall be submitted to the ordinary courts of New York.

Ex. C, ¶ 19.5. In July 2017, Plaintiff filed suit in this Court. Plaintiff's complaint articulates a single basis for venue in this Court: "Venue is proper under 28 U.S.C. § 1391 and is mandatory in New York because the parties entered into a contract with a mandatory forum-selection clause requiring litigation in 'the Ordinary Courts of New York.'" Ex. A, ¶ 5. But as Defendants will outline below, Plaintiff has failed to bring this lawsuit in an "ordinary court of New York." Thus, Plaintiff has waived the forum selection clause and this Court should transfer this case due to improper venue or, in the alternative, dismiss.

## LEGAL STANDARD

"On a Rule 12(b)(3) motion, a plaintiff bears the burden of making a prima facie showing

that venue is proper." *See Minholz v. Lockheed Martin Corp.,* 227 F. Supp. 3d 249, 260 (N.D.N.Y. 2016) (citing *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir. 2005)). "[I]n analyzing whether the plaintiff has made the requisite prima facie showing, the Court views all facts in a light most favorable to the plaintiff." *Id.* "For venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.* (quoting *Gulf Ins. Co.*, 417 F.3d at 357) (emphases in original).

Federal statute 28 U.S.C. § 1406(a) also governs the resolution of improper venue. It provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." When analyzing venue, federal courts are "required to construe the venue statute strictly." *Gulf Ins.*, 417 F.3d at 357.

Venue is only proper if the case falls within any of the three categories listed in 28 U.S.C. § 1391(b). Otherwise the Court must dismiss or transfer the case pursuant to 28 U.S.C. § 1406(a). *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.,* 134 S. Ct. 568, 577 (2013) ("When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).").

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes motions to dismiss on the basis of lack of personal jurisdiction over a defendant. "[T]he plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566–567 (2d Cir. 1996). As with venue, a court may consider documents beyond the pleadings in determining whether personal jurisdiction exists.

*Minholz,* 227 F. Supp. 3d at 255.

While Rule 12(b)(2), Rule 12(b)(3), and Section 1406(a) all authorize dismissal, Defendants urge this Court to transfer this matter to the United States District Court for the Southern District of Texas, Houston Division. Defendants' position is that this case has no connections to New York—not even enough to satisfy the outer-limit due process requirements of personal jurisdiction. Here, a significant portion of the relevant events took place in Houston, Texas, and that Court has personal jurisdiction over both Defendants for this matter. Where it is "doubtful that personal jurisdiction exists over [defendants]" in the Northern District of New York, "but clear that personal jurisdiction would exist over them" in the Southern District of Texas for this matter, it is "prudent for the Court to address the motion to transfer venue first." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 742 (S.D.N.Y. 2013) (citations and internal quotation marks omitted); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79–80 (2d Cir.1978) (determining that § 1406(a) permits courts to transfer in interest of justice whenever either personal jurisdiction or venue are improper).

## ARGUMENT

**I.    The forum selection clause requiring that certain claims be brought in the "ordinary courts of New York" is a term of sovereignty that unambiguously refers to the courts of New York State.**

This case presents a dispute between non-New York parties regarding actions that occurred thousands of miles away from the Empire State. The sole potential basis for personal jurisdiction and venue is the parties' contractual forum-selection clause. It is well established that parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006).

Here, the parties agreed to submit "any dispute that may arise in connection with the interpretation or implementation of this Agreement" to "the ordinary courts of New York." Ex.

C, ¶ 19.5. This Federal Court, however, is not a "court of New York." Accordingly, Defendants have not consented to personal jurisdiction or venue here.

This Court was recently presented with a similar clause in *Niagra Mohawk Power Corp. v. Windstream Communications, LLC,* 172 F.Supp. 3d 594 (N.D.N.Y. 2016) (Hurd, J.). There, plaintiff filed suit in a Supreme Court of the State of New York. *Id.* at 595. Defendant removed "to this Federal District Court based upon diversity jurisdiction." *Id.* Plaintiff argued that removal was improper because the forum selection clause in the parties' contract contained "an unambiguous forum selection clause that precludes removal." *Id.* The clause provided as follows:

> Any action at law, suit in equity or judicial proceeding initiated by either party arising out of this Agreement *shall be instituted only in the courts of the State of New York.*

*Id.* (emphasis in original). As this Court noted, "it is this solitary sentence that forms the crux of today's argument." *Id.* In granting plaintiff's motion to remand, this Court noted that, based on the language of this clause, "it is clear that only a New York State Supreme Court has jurisdiction to resolve this dispute." *Id.* at 596.

In reaching its decision, this Court cited to a Southern District case that contained "a nearly identical" forum selection clause. *Id.* at 595-96; *see Phoenix Global Ventures, Inc. v. Phoenix Hotel Assocs., Ltc.,* No. 04-CV-4991, 2004 WL 2360033, at *6 (S.D.N.Y. Oct. 19, 2004) ("The language, '[a]ny proceeding shall be initiated in the courts of the State of New York,' clearly establishes exclusive jurisdiction in New York state courts.") (aff'd, 422 F.2d 72 (2d. Cir. 2005)); *see also Karl Koch Erecting Co., v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d. Cir. 1999) (contractual language stating that "[n]o action or proceeding shall be commenced . . . except in the Supreme Court of the State of New York, County of New York" meant that the lawsuit could not commence "in a forum other than state court"); *Dart Mechanical Corp. v. Johnson Controls, Inc.*, No.-13-CV-2941JS WDW, 2013 WL 5937424, at

*2 (E.D.N.Y. Nov. 4, 2013) ("The language, 'Courts of the State of New York,' sets venue in New York State courts.").

In *Illinois Union Ins. Co. v. NRG Energy, Inc.*, the Southern District of New York granted defendant's § 1404(a) motion for transfer to the Middle District of Louisiana under similar circumstances. No.-10-CV-743 (BSJ)(DCF), 2010 WL 5187749, at *2 (S.D.N.Y. Dec. 6, 2010). There, the insurance policy provided that the parties "will submit to the jurisdiction of the State of New York." *Id.* at *1. The court interpreted the phrase as a term of sovereignty, and ruled that that while "this Court sits in New York, it is not 'of the State of New York.'" *Id.* Finding that the plaintiff had "abandoned any argument on the basis of the forum selection clause" by filing in federal court, and that the case had "no connection to New York," the court granted the transfer requested by defendant. *Id.* at *2.

Multiple circuits have also taken up the question of whether the contractual phrase "courts of [State]" is a "term of sovereignty" referring only to state courts, or rather a "term of geography" referring to all courts (including federal courts) within a given state's geographic boundaries. *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 (10th Cir. 2005). They have interpreted "such clauses to refer to the state courts of the designated state, and not also to the federal courts in the designated state." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1082 (9th Cir. 2009) (per curiam) (noting that "all" circuits to consider the issue had reached the same conclusion regarding the meaning of the phrase "'courts of' a state," and holding that "the plain meaning of the forum selection clause's designation of the 'courts of Virginia' is the state courts of Virginia; it does not include federal district courts located in Virginia.") (internal quotations omitted); *see also New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 548 (3d Cir. 2011) (interpreting the clause "appropriate courts of the State of New Jersey" as referring to the "many

tribunals comprising the Superior Court of New Jersey, not the federal district courts in the state"); *FindWhere Holdings, Inc. v. Sys. Env't Optimization*, *LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (holding that the language "courts of the State of Virginia" in the forum selection clause "excludes jurisdiction in the federal courts in Virginia"); *Am. Soda, LLP*, 428 F.3d at 926 (interpreting "Courts of the State of Colorado" as unambiguously referring to Colorado state courts only; the clause "refers to sovereignty rather than geography"); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam) (interpreting "Courts of Texas, U.S.A." to mean Texas state courts); *LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 7 (1st Cir. 1984) (concluding that "in the courts, of the Commonwealth of Massachusetts" was "intended to mean that all actions on this contract must be brought in the Massachusetts state courts"); *cf. Sahara Sam's Oasis, LLC v. Adams Companies, Inc.*, CIV.A. 10-0881, 2010 WL 3199886, at *6 (D.N.J. Aug. 12, 2010) ("As a matter of contract interpretation, when a contract term refers to the courts 'of' a certain state or county, it is a marker of sovereignty rather than geography, and therefore only state courts are implicated.").

Key to these holdings is the distinction between the courts "in" a given state and the courts "of" a given state. The "widely-accepted rule" is that "forum selection clauses that use the term 'in [a state]' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of [a state]' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state." *FindWhere Holdings, Inc.*, 626 F.3d at 755. In *Dixon*, the Fifth Circuit expounded upon why this is so. Unlike the word "in," the word "of" is defined as "denoting that from which anything proceeds; indicating origin, source, descent." *Dixon*, 330

F.3d at 398 (citing Black's Law Dictionary 1232 (4th ed. 1968)). Applying that definition, the court held that

> Federal district courts may be *in* Texas, but they are not *of* Texas. . . . . Federal courts indisputably proceed from, and find their origin in, the federal government, though located in particular geographic regions.

*Id.* (emphases in original); *Am. Soda LLP*, 428 F.3d at 926 ("Although located in various states, the U.S. district courts 'indisputably proceed from, and find their origin in, the federal government,' not in the governments of the states in which they are located." (quoting *Dixon*, 330 F.3d at 398)). Because "of" connotes sovereignty, courts have not hesitated to distinguish "courts of [state]" clauses from those clauses that do not use the sovereignty term "of." *Id.; see also id.* at 926 n.3 (comparing the sovereignty phrase "Courts of the State of Colorado" with the geographic phrase "New York courts" at issue in *City of New York v. Pullman Inc.*, 477 F.Supp. 438, 443 (S.D.N.Y. 1979)).

The same result should follow here. The phrase "courts of New York" is an unambiguous term of sovereignty referring to the state courts of New York. Ex. C, ¶ 19.5. The word "ordinary" preceding that phrase supplies additional confirmation of this plain meaning. *Id.* Ordinary means "[o]curring in the regular course of events; normal; usual." "Ordinary," Black's Law Dictionary (10th ed. 2014). Although sitting in New York, a federal district court is not a normal or usual court of New York, because it finds its "origin in the federal government though located in [a] particular geographic region[]." *Dixon*, 330 F.3d at 398. The word "ordinary" can also mean having "original or immediate, as opposed to delegated" jurisdiction. Black's Law Dictionary (10th ed. 2014). This definition is even further restricting because it also excludes state regulatory tribunals, which have delegated authority, from "ordinary courts of New York." In either event, the clause cannot be read to encompass federal courts sitting in New York.

**II.    This Court should grant Defendants' Rule 12(b)(3) and § 1406(a) motions because Plaintiff has not established that venue is proper.**

Rule 12(b)(3) and section 1406(a) test whether venue is "wrong" or "improper." *Atl. Marine Constr. Co.*, 134 S. Ct. at 579. "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Id.* Title 28 U.S.C. § 1391, which governs venue generally, provides that "[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in" federal district courts. § 1391(a)(1). It then defines districts in which venue is proper. *See* § 1391(b). If a case falls within one of § 1391(b)'s three categories, "venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Constr. Co.,* 134 S. Ct. at 579.

Section 1391(b) provides only three options for proper venue, which are as follows:

(b) Venue in general.--A civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Section 1391(c)(2) clarifies that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Under section 1391(d), a corporate

defendant is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."

Turning to the three statutory options, venue here is not proper under section 1391(b)(1) or (3) because Defendants do not even have sufficient contacts with New York to subject them to personal jurisdiction in that State, much less in the Northern District of New York. In assessing personal jurisdiction, federal courts undertake a two-part inquiry: "whether the defendant is subject to jurisdiction under the law of the forum state—here, New York"; and "whether the exercise of personal jurisdiction comports with the Due Process Clause of the United States Constitution." *Sonera Holding B.V. v. Cukurova Holding* A.S., 750 F.3d 221, 224 (2d Cir. 2014) (per curiam) (citations omitted).

"The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (citation omitted). A court may have either specific or general personal jurisdiction over a defendant. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In either event, the exercise of jurisdiction must not offend the "traditional notions of fair play and substantial justice." *Id.* "There is no need to address the scope of general jurisdiction under New York law" where jurisdiction does not comport with federal due process mandates. *Sonera*, 750 F.3d at 224 n.2.

Plaintiff has not made and cannot make any prima facie showing that New York's exercise of general jurisdiction over Defendants would comport with the federal limits of due process. The Supreme Court held in *Daimler AG v. Bauman* that the federal Due Process Clause limits the forums in which a corporation can be subject to general jurisdiction to those places in which the corporation is "at home." 134 S. Ct. 746, 760 (2014). Those places are the

corporation's "place of incorporation and principal place of business." *Id.* at 760. Only in an "exceptional case" can a corporation be found "at home" in some other state. *Id.* at 761 n.19; *see also Sonera*, 750 F.3d at 225. *Daimler* expressly rejected the notion that general jurisdiction exists in any State in which a corporation "engages in a substantial, continuous, and systematic course of business." *Id.* at 761; *see also Brown v. Lockheed,* 814 F.3d 619, 625-26 (2d. Cir 2016).

Plaintiff has not alleged any facts demonstrating that either Defendant is "at home" in New York, so New York does not possess general personal jurisdiction over Defendants. Notably, Plaintiff has not pleaded that either Defendant is incorporated in New York or maintains its principal place of business there. On the contrary, both Defendants are incorporated in Delaware, and they maintain their principal places of business in Palo Alto, California. Ex. B, ¶ 7. The same was true of their predecessor company. *Id.*, ¶ 6.

So, too, Plaintiff has not pleaded any facts demonstrating that this is an "exceptional case" where Defendants can be found "at home" in New York despite the absence of the "paradigm" general jurisdiction contacts. *Daimler*, 134 S. Ct. at 761 n.19. For example, Defendants do not wield shadow control over their activities from New York. On the contrary, the corporate officers for both Defendants direct the activities of the corporations from their respective Palo Alto, California headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," and "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'"). While Defendants do conduct some business in New York, their contacts "fall short of those required to render

[them] at home in New York." *Sonera*, 750 F.3d at 226. Hence, subjecting Defendants to "all-purpose general jurisdiction in [New York] would deny [them] due process." *Id.*

Just as Plaintiff pleaded no facts demonstrating general personal jurisdiction, Plaintiff has not pleaded any facts establishing that exercising specific jurisdiction would comport with New York law or the U.S. Constitution's due process requirements. Specific jurisdiction, also termed "conduct-linked jurisdiction," depends upon "an affiliation[] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation." *Sonera*, 750 F.3d at 225 (citation and internal quotation marks omitted). Due process permits specific jurisdiction only where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Here, there are no allegations that Defendants had any conduct-related contacts that suffice to confer specific jurisdiction relating to Plaintiff's claims. Indeed, Plaintiff has not pleaded that it suffered any injury in New York, or that any of its claims arose from any acts or omissions in New York. *See* N.Y. CPLR § 302(a)(1) (authorizing personal jurisdiction over cause of action "arising from" the transaction of "any business within the state or contracts anywhere to supply goods or services in the state"). In fact, Plaintiff has not alleged *any connection whatsoever* between its claims and New York. That is no wonder. This is a dispute pertaining to contracts between non-New York parties for services rendered by Plaintiff primarily in Texas.

The parties did not negotiate or sign the contracts in New York and none of the alleged acts giving rise to this dispute are alleged to have occurred in New York. Ex. B, ¶¶ 8-10. *See*

N.Y. CPLR § 302(a)(2) (authorizing specific jurisdiction over a non-domiciliary as to an action arising from non-domicilariy's tortious act within the state). Plaintiff—a Texas-based company with its principal place of business in that state—is not claiming that it experienced *any* injury in New York from Defendants' conduct. *See* CPLR § 302(a)(3) (authorizing specific jurisdiction over an action arising from a non-domiciliary's tortious act outside the state that causes injury within the state). Given the complete lack of any relevant connection between this case and New York, subjecting Defendants to jurisdiction here would offend traditional notions of fair play and substantial justice.

For these same reasons, Plaintiff cannot satisfy the only remaining potential option for establishing proper venue: establishing prima facie that "a substantial part of the events or omissions giving rise to the claims occurred" in the Northern District of New York. 28 U.S.C. § 1391(b)(2). Plaintiff has not pleaded that any acts or omissions giving rise to the claims occurred in New York, much less in the Northern District of New York. Venue thus is wrong and improper. Accordingly, Defendants respectfully request that this Court grant their Rule 12(b)(3) and § 1406(a) motion.

**III.   This Court should transfer the case to the U.S. District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1406(a) because the case could have been brought in that court.**

Section 1406(a) vests this Court with the discretion to dismiss or, "if it be in the interest of justice," transfer a case to a district or division where the case "could have been brought." 28 U.S.C. § 1406(a). There is "no definitive test in the Second Circuit for when a district court should transfer rather than dismiss an action" pursuant to § 1406(a). *Dudla v. Jordan*, No. 1:14-CV-0889 LEK/RFT, 2015 WL 403079, at *7 (N.D.N.Y. Jan. 29, 2015). Nevertheless, other courts have recognized that transfer of the case under the statute is favored over a dismissal. Transfer or Dismissal, 1A Fed. Proc., L. Ed. § 1:718. Indeed, "transfer, instead of dismissal

under the statutory provision, is the usual course of practice in the district courts." *Id.* In making the determination, "the Court may consider whether transferring the action would promote an expeditious and orderly adjudication on the merits." *Dudla*, 2015 WL 403079, at *7 (citation and internal quotation marks omitted).

This Court should transfer the case to the U.S. District Court for the Southern District of Texas because the case "could have been brought" there under 28 U.S.C. § 1391(b). To begin, a "substantial part of the events or omissions giving rise to the claim occurred" in Houston, which is located in the Southern District of Texas. *See* § 1391(b)(2). The contracts at issue and contractually required payments were for services to be performed by Plaintiff for Defendants primarily in Houston. Ex. B, ¶ 8. Also, any misrepresentations or promises made of future work (assuming arguendo that misrepresentations or promises were made) pertained to work to be performed primarily in Houston. Also, Plaintiff is based in Houston, Texas, so any breach of a contractual requirement to pay Plaintiff occurred in Houston, Texas. *Id.*, ¶ 11.

For these same reasons, the Southern District of Texas possesses specific personal jurisdiction over Defendants for these claims. *See* § 1391(b)(1), (b)(3), (c)(2) (defining "residency" for defendant as a district in which defendant is subject to "personal jurisdiction with respect to the civil action in question"). Specific jurisdiction comports with due process where the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. *Burger King Corp.,* 471 U.S. at 472. Here, Defendants contracted with a Texas plaintiff for work to be performed in states other than New York, but primarily in Texas. Ex. B, ¶ 8. Any injury resulting from the claims arising from those contracts or the alleged misrepresentations/promises pertaining to additional work or payment was not felt by Plaintiff in New York. Ex. B, ¶¶ 8-10. Given

- 15 -

Defendants' extensive claim-related contacts with Texas, exercising specific jurisdiction over Defendants in Texas for this matter would not offend traditional notions of fair play or substantial justice.

Specific jurisdiction also comports with Texas's long-arm statute because Defendants do business in Texas, and the claims against Defendants arise from their Texas business dealings. The Texas long-arm statute's broad doing-business language allows the statute to "reach as far as the federal constitutional requirements of due process will allow." *Guardian Royal Exch. Assurance, Ltd. v. English China Clays*, *P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991) (internal citation omitted). Thus, the requirements of the Texas long-arm statute are satisfied if an assertion of jurisdiction accords with federal due-process limitations. *Id.*; *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996).

Because the Southern District of Texas could exercise personal jurisdiction over Defendants for these claims and venue is proper there, the case "could have been brought" in that district. The forum-selection clause is of no moment. *Atl. Marine*, 134 S. Ct. at 577 ("Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause."). "[T]o the extent the parties expressed a preference for a particular forum, this Court is not it . . . [B]y filing suit in a forum other than the one provided for in the [contract], Plaintiff abandoned any argument on the basis of the forum selection clause." *Ill. Union Ins. Co.*, 2010 WL 5187749, at *2.

Here, granting a transfer would facilitate an efficient and orderly resolution on the merits. *Dudla*, 2015 WL 403079, at *7. A transfer would spare Plaintiff the burden and expense of refilling. Plaintiff would have the advantage of being able to litigate in its home district near

- 16 -

where the majority of witnesses and documents would likely be located. For this reason, Defendants urge that the better course is to transfer the case to the Houston Division of the Southern District of Texas.

Regardless of whether this Court transfers or dismisses the case, this Court should expressly hold that Plaintiff has waived reliance on the forum-selection clause as to all claims that it filed in this case. "In New York, when a party disregards a forum selection clause and sues on a contract in an unauthorized forum, it waives the forum selection clause on the claims it pursues." *Pirolo Brothers, Inc. v. Angelo Maffei and Figli*, *SAS,* No. 87 CIV 7561 (MBM), 1989 WL 20945, at *2 (S.D.N.Y. Mar. 2, 1989) (citing, among other cases, *Armco Steel Corp. v. Renago Constr., Inc.,* 324 A.D.2d 887 (4th Dept. 1970) (mem. op.)); *see also In re Rationis Enterprises, Inc. of Panama*, 97 CV 9052 (RO), 1999 WL 6364, at *2 (S.D.N.Y. Jan. 7, 1999) (concluding that "a forum selection clause will be deemed waived if the party invoking it has taken actions inconsistent with it").

**IV.    Alternatively, this Court should dismiss the case for improper venue and/or lack of personal jurisdiction over Defendants.**

Defendants' respectfully request that the Court transfer the case rather than dismiss. *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 79–80 (2d Cir.1978) (finding that § 1406(a) permits courts to transfer in interest of justice whenever either personal jurisdiction or venue are improper). Under the circumstances, a transfer better serves the interests of justice, as a transfer would spare Defendants the expense and burden of fighting any effort by Plaintiff to refile in New York State Court now that Plaintiff has waived its right to rely on the forum-selection clause as to the claims at hand.

In the alternative, Defendants respectfully request that this Court dismiss the case for improper venue and lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2), 12(b)(3), 28

U.S.C. 1406(a). This Court does not have personal jurisdiction for the reasons given in Parts I-III. Where none of the relevant case events or omissions giving rise to Plaintiff's claims occurred in New York, Plaintiff has not and cannot carry its burden of establishing proper venue.

<b>PRAYER</b>

For the aforementioned reasons, Defendants respectfully request that this Court grant their motion to transfer this case to the U.S. District Court for the Southern District of Texas, Houston Division or, in the alternative, dismiss the case due to improper venue and/or lack of personal jurisdiction.

August 29, 2017                          Respectfully submitted,


                                         /s/ Lee C. Kindlon
                                         Bar Number 511642
                                         THE KINDLON LAW FIRM, PLLC
                                         52 James Street
                                         Albany, New York 12207
                                         (518) 434-1493
                                         lkindlon@kindlon.com

                                         Attorneys for Defendants