UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

INTEGRITY INTERNATIONAL,
INC., doing business as TarrenPoint,

                Plaintiff,

  -v-                                               1:17-CV-794

HP, INC., and HEWLETT PACKARD
ENTERPRISE COMPANY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                               OF COUNSEL:

RENSHAW, P.C.                          JUSTIN W.R. RENSHAW, ESQ.
Attorneys for Plaintiff
2900 Weslayan, Suite 230
Houston, TX 77027

THORN, GERSHON LAW FIRM        MATTHEW H. MCNAMARA, ESQ.
Attorneys for Plaintiff
5 Wembley Court
New Karner Road
P.O. Box 15054
Albany, NY 12212

LANG & ASSOCIATES, PLLC         SHANNON A. LANG, ESQ.
Attorneys for Plaintiff
440 Louisiana Street, Suite 900
Houston, TX 77002

THE KINDLON LAW FIRM, PLLC      LEE CAREY KINDLON, ESQ.
Attorneys for Defendants
52 James Street, 5th Floor
Albany, NY 12207

DAVID N. HURD
United States District Judge

**MEMORANDUM–DECISION and ORDER**

**I. INTRODUCTION**

Plaintiff Integrity International, Inc. ("Integrity" or "plaintiff"), a Texas corporation with its principal place of business in Houston, Texas, has filed this breach of contract action against defendants HP, Inc. ("HP") and Hewlett Packard Enterprise Company ("Hewlett Packard") (collectively "defendants"), two Delaware corporations.

On August 29, 2017, defendants moved to dismiss Integrity's complaint under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. According to defendants, venue is improperly laid in this forum and, in any event, personal jurisdiction is lacking over either defendant here. Rather than advocate for outright dismissal, however, defendants asserted this action should instead be transferred to the U.S. District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1406(a)

On October 13, 2017, Integrity submitted a one-paragraph letter in which counsel for plaintiff states that "[a]lthough [p]laintiff does not agree with or concede any arguments made by [d]efendants . . . , and reserves all objections and responses to such arguments, [p]laintiff does not oppose [d]efendants' motion to the extent it seeks dismissal of [p]laintiff's [c]omplaint." In reply, defendants argue that the proper course of action is § 1406(a) transfer, not dismissal. The motion will be considered fully briefed on the basis of these submissions and will be decided without oral argument.

**II. BACKGROUND**

Beginning in 1994, Integrity provided services to Compaq, HP's predecessor corporation, pursuant to a series of written contracts. Compl. ¶ 6. At first, defendants paid any invoices for services they received from plaintiff "on time and within 45 days." Id. ¶ 7.

However, starting around 2010, defendants "stopped paying [p]laintiff's invoices on time, which created serious cash flow issues for the company. Id.

In 2011, defendants and Integrity entered into a new "Standard Services Agreement," which changed defendants' payment terms to "end of accumulation period plus 45 days." Compl. ¶ 7. According to plaintiff, this required it to "essentially finance [d]efendants' projects on an interest-free basis while waiting months after the provision of services to receive payment." Id. Defendants still failed to pay plaintiff's invoices on time. Id. ¶ 8.

Integrity met with defendants repeatedly in an attempt to resolve the matter of defendants' ongoing tardiness. Compl. ¶ 9. Although defendants "occasionally paid late fees" to plaintiff, they still refused to pay invoices on time. Id. As a result of these continued problems, plaintiff "was forced to accept high interest rates for necessary lines of credit" and was sometimes "forced to accept loans from lenders" equating to over "120% A.P.R." just to "cover payroll." Id. ¶ 10.

By 2013, defendants began cancelling work with Integrity and requiring plaintiff to "transition projects to competitors." Compl. ¶ 13. Defendants also "punish[ed]" plaintiff by "demand[ing] an audit of all payments made . . . from 2011 to 2013." Id. ¶ 14. According to plaintiff, it "spent over $100,000 in administrative costs in order to comply with the audit request." Id. No overcharges or improper payments were identified. Id.

In 2014, on the brink of collapse, Integrity met with defendants' "top-level executives" to request a return to 30-day payment terms. Compl. ¶ 15. Although defendants claimed they would agree to a change, they instead began "escalat[ing] the rate at which they abruptly canceled [ ] contracts or failed to renew them without cause." Id. In response, plaintiff submitted audits for 2012 and 2013 demonstrating defendants' "routine late

- 3 -

payments." Id. ¶ 16.  Plaintiff requested that defendants "pay all accrued but unpaid late fees."  Id.  Defendants refused and continued to transition work away from plaintiff and toward its competitors.  Id.

Integrity's business never recovered.  By June 30, 2016, all of plaintiff's contracts with defendants had been cancelled.  Compl. ¶¶ 16-17.  In October of 2016, plaintiff again requested that defendants pay the late fees due under its invoices.  Id. ¶ 18.  Defendants never responded and never paid.  Id.  According to plaintiff, defendants used "false promises to get the benefits of [plaintiff's] services for as long as possible until it could line up new suppliers."  Id. ¶ 20.

### III. LEGAL STANDARD

"Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes motions to dismiss on the basis of lack of personal jurisdiction over a defendant."  Minholz v. Lockheed Martin Corp., 227 F. Supp. 3d 249, 255 (N.D.N.Y. 2016) (McAvoy, J.).  "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion."  Blau v. Allianz Life Ins. Co. of N. Am., 124 F. Supp. 3d 161, 170 (E.D.N.Y. 2015) (quoting Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84 (2d Cir. 2013)).

"On a Rule 12(b)(2) motion . . . the plaintiff bears the burden of showing that the court has jurisdiction over the defendant."  Minholz, 227 F. Supp. 3d at 255 (quoting Metro. Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 566-67 (2d Cir. 1996)).  "In reviewing a Rule 12(b)(2) motion, 'a court may consider documents beyond the pleadings in determining whether personal jurisdiction exists.'"  Id. (quoting SPV OSUS Ltd. v. UBS AG, 114 F. Supp.

3d 161, 67 (S.D.N.Y. 2015)).  The same standard of review applies to a Rule 12(b)(3) motion seeking dismissal for improper venue.  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005).

## IV.  **DISCUSSION**

Defendants argue venue is improperly laid in this forum and, in any event, personal jurisdiction is lacking over defendants here.  As a remedy, they assert this action should be transferred to the U.S. District Court for the Southern District of Texas, Houston Division under § 1406(a).

Integrity has failed to oppose any of defendants' arguments.  Of course, a plaintiff seeking to fend off a defendant's venue or personal jurisdiction challenge need only make a prima facie showing to survive dismissal under these circumstances.  Gulf Ins. Co., 417 F.3d at 355 ("[I]f the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of [venue or personal jurisdiction]."  (citation omitted)).  But a review of plaintiff's complaint demonstrates that it is insufficient to discharge either burden here, and there is a dearth of other materials in the record from which to conclude otherwise.

A court may exercise either general or specific personal jurisdiction over a corporate defendant.  See Daimler AG v. Bauman, 134 S. Ct. 746, 748-49 (2014).  General, or "all-purpose," jurisdiction "permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff."  Brown v. Lockheed Martin Corp., 814 F.3d 619, 624 (2d Cir. 2016).  In contrast, specific, or "case-linked," jurisdiction is only available "when the cause of action sued upon arises out of the defendant's activities in a state."  Id.

"Whether specific or general, however, the exercise of personal jurisdiction over a defendant is informed and limited by the U.S. Constitution's guarantee of due process, which requires that any jurisdictional exercise be consistent with 'traditional notions of fair play and substantial justice.'" Brown, 814 F.3d at 625 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  "In the absence of a federal statute specifically directing otherwise, . . . [courts] look to the law of the forum state to determine whether a federal district court has personal jurisdiction over a foreign corporation." Id. at 624.

According to the complaint, Integrity is a Texas corporation while HP and Hewlett Packard are both incorporated in the State of Delaware.  Compl. ¶¶ 21-3.  Although the complaint alleges that defendants conduct business in New York and Texas, the complaint itself does not indicate that any of the conduct giving rise to plaintiff's lawsuit occurred in, or is even somehow connected to, the State of New York.  Rather, plaintiff alleges this lawsuit is proper simply because the parties entered into a contract with a mandatory forum-selection clause requiring litigation to occur in "the ordinary courts of New York." Id. ¶ 5.

First, these allegations, without more, are insufficient to demonstrate that the exercise of personal jurisdiction over defendants in this forum comports with the demands of due process.[1]  Accordingly, Integrity's complaint is subject to dismissal under Rule 12(b)(2).  See, e.g., Loos v. Mitcheltree, 2013 WL 3759957 at *2 (W.D.N.Y. July 15, 2013) (finding same where plaintiff failed to oppose challenge to personal jurisdiction).

Second, Integrity's reliance on the effect of the mandatory forum-selection clause it has pleaded as a basis for laying venue in this federal forum is misplaced.  "As a matter of

---

[1] "Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." Leviton Mfg. Co., Inc. v. Reeve, 942 F. Supp. 2d 244, 255 (E.D.N.Y. 2013) (citation omitted).  However, for reasons explained below, the clause does not appear to apply to this particular forum.

contract interpretation, when a contract term refers to the courts 'of' a certain state or county, it is a marker of sovereignty rather than geography, and therefore only state courts are implicated." Sahara Sam's Oasis, LLC v. Adams Cos., Inc., 2010 WL 3199886 at *6 (D.N.J. Aug. 12, 2010) (collecting cases). Because plaintiff's complaint does not identify any other permissible basis on which to lay venue in this federal forum, see 28 U.S.C. § 1391(b), plaintiff's complaint is also subject to dismissal under Rule 12(b)(3).

The remaining question is whether transfer is warranted. Under § 1406(a), a court faced with an improperly filed case "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) (Cardamone, J.) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). A court may conclude transfer is warranted even where, as here, personal jurisdiction is lacking over the defendants. See Loos, 2013 WL 3759957 at *2 (collecting cases).

The answer to the question of whether transfer would be "in the interest of justice" often depends upon "whether the plaintiff has been diligent in pursuing his claim, whether the opposing party would be unduly prejudiced by the transfer, and whether plaintiff's reason for bring the case in the wrong forum is analogous to an erroneous guess about an elusive fact which prevents the expeditious and orderly adjudication of the case on the merits." Gibbons v. Fronton, 661 F. Supp. 2d 429, 436 (S.D.N.Y. 2009) (citation and internal quotation marks omitted.

To be sure, defendants' argument in favor of transfer to the U.S. District Court for the Southern District of Texas, Houston Division has some obvious appeal. After all, the complaint alleges that Integrity is a Houston-based company, meaning that transfer of this

matter to the federal district court in Houston would return this case to plaintiff's backyard. Indeed, it is recognized that transfer is the ordinary course of action under circumstances similar to these. See, e.g., Open Solutions Imaging Sys., Inc. v. Horn, 2004 WL 1683158, at *7 (D. Conn. July 27, 2004).

Nevertheless, it is far from clear that transfer of this case would be in the interest of justice. While defendants insist Integrity has waived any right to rely on the forum selection clause, plaintiff's terse opposition suggests otherwise. Accordingly, out of an abundance of caution, a simple dismissal, rather than transfer, is appropriate.

## V.  CONCLUSION

Therefore, it is

ORDERED that

1. Defendants HP and Hewlett Packard's motion to dismiss is GRANTED in part and DENIED in part;

2. Defendants' request to transfer pursuant § 1406(a) is DENIED;

3. Defendants' motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) is GRANTED; and

4. Plaintiff Integrity's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  November 1, 2017
        Utica, New York.